## JUDD *vs.* LITTLEJOHN et al.

### APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard February 8.]                    [Decided June 4, 1860.

*Agent and Principal—Constitutional Law—Garnishee.*

Where a railroad company carried goods for an individual, and which were delivered to him without the payment of the freight due to the company, and, though the company charged the freight to their station agent, who delivered the goods, and the agent paid the amount to the company, such transactions do not extinguish the debt due the company for the freight, nor does it transfer the indebtedness due, to the agent of the company, so that he may maintain a suit in his own name.

The act which provides that any person indebted to a judgment debtor may pay the sheriff the amount of his debt, and take the receipt of the sheriff, and the same shall be an extinguishment of the debt, is constitutional.

Where L. was indebted to a railroad company for freight, and paid the amount to the sheriff who held an execution against the company, this was an extinguishment of the debt, notwithstanding the company had given notice to their station agent that they would hold him liable for the amount of the freight.

This was an action commenced by J. M. Judd against N. M. Littlejohn and B. F. Babbett, to recover the amount of $245 32, due as a balance for freights upon lumber transported over the M. & M. R. R. The facts are fully stated in the opinion of the court. The verdict, under the instruction of the court, was given for the plaintiff, and the defendants appealed.

*N. S. Murphy,* for the respondent.

*Edson Kellogg, and E. Wakeley,* for the appellant.

*By the Court,* COLE, J. We consider the following instruction given to the jury, on the trial of this cause, erroneous and calculated to mislead the jury to the prejudice of the appellants, namely: " That if the jury should find that the

railroad company notified the respondent, before the appellants paid the money to the sheriff, that they would hold him responsible for the money due from the appellants, upon the lumber, that then the jury should find for the respondent."

The material facts of the case, as disclosed by the record, and which it is necessary to refer to, in order to make the bearing of the above instruction intelligible, are these: The respondent was the station agent of the Milwaukee and Mississippi Railroad Company, at Whitewater, during the year 1858. A quantity of lumber consigned to the appellants at Whitewater, was transported over the road from Milwaukee, and delivered to the appellants, at its place of destination, between the 25th of September and the 5th of November, 1858, upon which the freight amounted to $308; $245 32 of this amount the appellants ¡paid on the 8th of November, to the sheriff of Walworth county, on an execution against the railroad company, and the remainder was paid to the respondent. The respondent made demand for the freight of the appellants on the 4th of December, and states in his testimony, that in closing up his account with the company to the 1st of December, he paid the $245 32. This sum was paid by him about the 20th of that month, and it is to recover that amount of the appellants, that this suit was brought.

It further appears, from the testimony of the president and superintendent of the company, that by the rules and instructions of said company to their station agent, all freights and charges on goods and lumber sent over the road, were required to be paid before delivery, and that no agent had any authority to deliver any goods without the freight was first paid. It likewise appears that it is the custom of the company when goods are sent to the station, to charge the amount of freight due on the same to the agent of that station, and the superintendent testifies, that in the present case, $245 32 was charged to the respondent, and that a notice was sent to

him, that he would be held personally responsible for the goods, or the amount of freight due on them. One further circumstance may be noticed, that the respondent testified, that he frequently delivered lumber without prepayment of freight, and that the appellants usually received their lumber and paid the freight at the end of the month when he made his monthly account.

Now, the only question arising upon this state of facts, and the instruction given is, whether the indebtedness of the appellants, for freight, was an indebtedness due the company or the respondent? If it was an indebtedness due the company, then clearly, by the express provisions of the statute, chap. 134, § 90, R. S., the appellants had a right to pay the sheriff so much of their freight bill as was necessary to satisfy the execution in his hands, and the sheriff's receipt was a sufficient discharge for the amount so paid.

It seems to us to be an incontestible proposition that, at the time the appellants paid the money to the sheriff, their indebtedness was one due the railroad company. The railroad company earned the freight by transporting the lumber, and indubitably was entitled to a reasonable compensation for the service rendered. The duty of the respondent was to deliver the lumber, collect the freight due upon it, and account for the same to the company. That was the extent and measure of his duty. If he violated the instructions of the company in delivering goods without the prepayment of the freight due thereon, he was unquestionably liable to his principal for any damages resulting from this neglect of duty. But it cannot be maintained that, because he violated his instructions in this respect, and became liable to the company for any damages resulting therefrom, that this misfeasance constituted him the creditor of the appellants, so that a payment by them to the company would not be good, and discharge the debt. It is not pretended that the company ever assigned this claim for

freight to the respondent. The circuit court seemed to assume that because the company notified him that he would be held personally responsible for the money due from the appellants, upon the lumber, that this constituted him their sole debtor for the freight, and made the appellants debtors to the respondent for the same. We do not think any such effect can be properly given to this notice. It was a measure of safety resorted to by the company to secure the payment of their freight. It might also the more clearly determine the liabilities of the station agent in case he delivered goods without such prepayment. But it could not possibly make the appellant liable to the respondent, or render null a payment made by them to the sheriff upon an execution against the company.

An observation was made, to the effect that there was no legal obligation upon a person to discharge his liability to a judgment debtor in the manner provided by section 90, before cited, and that to permit it to be done might sometime result in manifest wrong and injustice. How such a result could possibly follow, we failed to comprehend. The statute is clear and explicit, that " any person indebted to the judgment debtor may pay the sheriff the amount of his debt," &c.; and we certainly can perceive no constitutional objection to such an enactment. Every person and corporation are under the highest obligation to pay their debts, when able to do so. The fact that debtors are insensible to this obligation, does not render such laws as the one we are considering, any the less wise or righteous. Its operation in the present case was to procure the satisfaction of a judgment against the railroad company. There does not appear to be anything very inequitable or oppressive in this. But it is not for courts to vindicate the wisdom of the law. The legislature saw fit to pass such an enactment, and it was undoubtedly competent for it to do so. And the appellants having paid their debt to

the company, under its provisions are entitled to invoke the full measure of its protection.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial ordered.