PORTER, Respondent, vs. BURTIS, Sheriff, and another, imp.,
Appellants.

*October 11—November 7, 1928.*

228

230

For the appellants there was a brief by *Fiedler & Garrigan* and *Roscoe Grimm* of Beloit, attorneys for the United States Fidelity & Guaranty Company, and *Edward H. Ryan* of Janesville, attorney for Charles F. Burtis, and oral argument by *E. C. Fiedler.*

For the respondent there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *W. H. Dougherty.*

ESCHWEILER, J.   As appears from the record, counsel for the defendant Surety Company proposed questions (1) and (2) of the special verdict, *supra,* directed to possible contract features of the case, and plaintiff's counsel objected to the submission of question (4), inquiring whether the sheriff had actual knowledge of the chattel mortgage when he received plaintiff's check and upon the stated ground that plaintiff was not claiming to recover upon any contract, and it was conceded by plaintiff's counsel, in brief and on oral argument, that no claim was being asserted against the appellants based upon any contract right.   Were we now to consider that such admission should not bind the plaintiff, nevertheless an examination of the record compels us to the conclusion that the evidence did not warrant the answers made by the jury to said questions (1) and (2) of their verdict, and that there could not be here allowed a recovery by the plaintiff upon any possible theory of a contract to the effect that the sheriff agreed to apply the proceeds of plaint-

iff's check given in his purchase from the defendant Bates, the owner of the cattle, upon the chattel mortgage standing against the same.

Neither can we find under the facts in this case any sufficient warrant, upon any theory, to support a judgment for plaintiff as against the defendant sheriff, and in default of such there can, of course, be none as against the defendant Surety Company. To support a claim of primary liability against the defendant sheriff in this case upon any theory of a tort having been committed, it would be necessary to find that the defendant sheriff breached some duty or obligation that he owed to plaintiff.

The sale of the chattel-mortgaged cattle to plaintiff was made by the owner, defendant Bates, and not by the defendant sheriff. The only method by which Burtis as sheriff could convey good title was in pursuance of the express statutory provisions, sec. 272.29, Stats., requiring, in order for a sale of personal property on execution, that there shall be at least twenty days' public notice, that it shall be made at public vendue and only between certain hours of the day, and other conditions in that statute contained. The plaintiff was bound to know, as a matter of law, that he could not obtain good title to this personal property from the defendant sheriff other than when such statutory procedure had been followed. And manifestly, if the sheriff as such could not make a valid sale in the manner in which this one was made, he could not deputize or authorize the private individual Bates, the owner of the cattle, to make it for or on behalf of such sheriff.

The plaintiff purchased with full knowledge, obtained from an inspection of the record, of the existence of the chattel mortgage against the cattle, and was chargeable with knowledge that any sale of such incumbered property by the owner, Bates, without the consent or knowledge of the mortgagee, was at least a questionable transaction, if not an absolute violation of a penal statute, sec. 343.69, Stats.

At the time Bates turned over to the defendant sheriff plaintiff's check payable to the sheriff by Bates' direction, nothing was said by any one that the proceeds of such check were to be devoted to the payment of the chattel mortgage rather than to the satisfaction of the executions then held by the sheriff. Under sec. 273.01, Stats., the defendant sheriff was authorized, if not compelled, to accept the check so tendered to him and apply the same upon the executions then in his hands. Such statutory provision was long ago declared a valid enactment. *Judd v. Littlejohn,* 11 Wis. 176, 179. It was therefore not unlawful for him to apply it as he did.

We can see no materiality in the disposition made of this case of the fact that the plaintiff wrote on the back of his check, "Cattle from Bates and Clay," prior to its being cashed by the defendant sheriff.

This disposition of the case renders it unnecessary to consider other questions argued on this appeal.

*By the Court.*—Judgment reversed, and the action dismissed as to the defendants Burtis and United States Fidelity & Guaranty Company.